**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002549
13-JAN-2014
09:46 AM**

NO. CAAP-13-0002549

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BONNIE L. MEDEIROS, Claimant-Appellee,
v.
EAN HOLDINGS, LLC, Employer-Appellant,
and
FIDELITY AND GUARANTY INSURANCE/AVIZENT, Insurance
Carrier/Third-Party Administrator-Appellant

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB 2010-375(M)(7-10-00485))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Upon review of the record, it appears that this court

lacks appellate jurisdiction over the appeal by Employer-

Appellant Ean Holdings, LLC and Insurance Carrier-Third-Party

Administrator-Appellant Fidelity and Guaranty Insurance/York

Financial Services (formerly Avizent) (collectively Appellants).

Appellants appeal from a Decision and Order, filed on March 20, 2013, by the Labor and Industrial Relations Appeals Board (LIRAB).

Pursuant to HRS § 386-88 (Supp. 2012)[1] and HRS § 91-14(a) (1993 & Supp. 2012),[2] an aggrieved party may appeal a final decision and order by the LIRAB directly to the Intermediate Court of Appeals.

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). The supreme court has "held that an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo

---

[1] "The decision or order of the appellate board shall be final and conclusive, except as provided in section 386-89, unless within thirty days after mailing of a certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, by filing a written notice of appeal with the appellate board." HRS § 386-88 (Supp. 2011) (in part).

[2] HRS § 91-14(a) (1993 & Supp. 2011) provides:

§ 91-14. Judicial review of contested cases.
(a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law. Notwithstanding any other provision of this chapter to the contrary, for the purposes of this section, the term "person aggrieved" shall include an agency that is a party to a contested case proceeding before that agency or another agency.

Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted) (emphasis added).

The March 20, 2013 Decision and Order is not a final appealable order because it only determined that Claimant suffered an injury arising out of and in the course of employment, and no determination of Claimant's benefits has been made. Mitchell v. State, 77 Hawai'i 307-08, 884 P.2d 368, 370-71 (1994).

Therefore,

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 13, 2014.


Chief Judge


Associate Judge


Associate Judge